CULVER–UNION TOWNSHIP AMBU-
LANCE SERVICE; Marvalene Leffert,
as Trustee of Union Township, Marshall
County, Indiana; Bernard Bursart, as
President of the Culver Town Board,
Appellants (Defendants below),

v.

Barbara STEINDLER, as Executrix of
the Estate of Rolin G. Popplewell,
Appellee (Plaintiff below).

No. 50S04–9403–CV–216.

Supreme Court of Indiana.

March 7, 1994.

Steven P. Polick, Steven P. Polick & Associates, Merrillville, for Marvalene Leffert.

Michael R. Morow, Stephenson and Kurnik, Indianapolis, for Culver–Union & Bernard Bursart.

Roger A. Weitgenant, Blachly, Tabor Bozik & Hartman, Valparaiso, for appellee.

Richard A. Waples, Bette J. Dodd, Indiana Civil Liberties Union, Indianapolis, for amicus curiae.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

This case asks whether a decedent's estate can maintain causes of action for wrongful death and under 42 U.S.C. § 1983 against a township ambulance service in the face of motions to dismiss and for judgment on the pleadings. We hold that the wrongful death claim may be maintained but the § 1983 action may not.

### *Facts*

On September 6, 1988, Popplewell allegedly suffered a heart attack. Personnel from the Culver–Union Ambulance Service responded to the emergency call and provided certain treatment. Popplewell subsequently died.

Barbara Steindler, as Executrix of Popplewell's estate, filed a two-count complaint against Culver–Union Township Ambulance Service, Marvalene Leffert as Trustee of Union Township, Marshall County, Indiana, and Bernard Bursart as President of the Culver Town Board. The complaint seeks recovery for violation of Popplewell's constitutional rights under § 1983 and for negligence.

Leffert filed an Indiana Trial Rule 12(B)(6) motion to dismiss both counts, arguing that the complaint failed to allege any duty owed by the governmental defendants and that the Estate had no cognizable claim under § 1983. The other two defendants, Culver–Union and Bursart, answered the complaint and moved for judgment on the pleadings pursuant to Trial Rule 12(C) on Count II. They argued that even if the § 1983 claim was legally cognizable in substance, it did not survive Popplewell's death. Each defendant joined in the other's motions, all of which the trial court denied. At defendants' request, the case was certified for interlocutory appeal.

The Court of Appeals held: (1) although the Estate's "claim stretches the intendment of § 1983 to, if not beyond, the limits of judicial cognizance," the allegations were sufficient to defeat a Trial Rule 12(B)(6) motion; but (2) the § 1983 claim did not survive Popplewell's death under Indiana's survival statute, *Ind.Code Ann.* § 34–1–1–1 (West Supp.1993); and (3) the complaint stated a claim for negligence under the Wrongful Death statute, *Ind.Code Ann.* § 34–1–1–2 (West Supp.1993). *Culver Union Township Ambulance Service v. Steindler* (1993), Ind. App., 611 N.E.2d 698. Judge Chezem dissented to issue number (1): "Because there was no constitutional violation, the claim asserted under § 1983 cannot be sustained on any legal ground." *Id.* at 707–08. Judge Miller dissented to issue number (2): "[I]t is well settled that a § 1983 claim, a federally created cause of action, cannot be abrogated by a state survival statute." *Id.* at 706–07.

### *Section 1983 Action*

■ Count II of the complaint charged that various policies adopted by the defendants constituted a reckless indifference to Popplewell's constitutional rights in violation of 42 U.S.C. § 1983.[1] In order to recover

---

1. 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any

damages under § 1983, a plaintiff must show that (1) he held a constitutionally-protected right; (2) he was deprived of this right; (3) the defendants acted with reckless indifference to cause this deprivation; and (4) the defendants acted under color of state law. *Patrick v. Jasper County,* 901 F.2d 561, 565 (7th Cir.1990).

It is well-established that § 1983 creates no substantive rights; it merely provides the procedure for enforcing substantive federal rights. *Chapman v. Houston Welfare Rights Organization,* 441 U.S. 600, 617, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979).

Here, the parties dispute that the county policy resulted in a deprivation of Popplewell's constitutional rights. The Estate alleges that Popplewell had a "constitutionally-guaranteed right to live" which defendants violated "by failing to properly administer emergency care." As such, the Estate's constitutional claim clearly rests on the 14th Amendment to the United States Constitution, which provides: "[N]or shall any state deprive any person of life, liberty, or property, without due process of law." Defendants, on the other hand, argue that Popplewell did not have a constitutional "right to live" and that his right not to be deprived of life without due process was not violated.

Section 1983 was designed to prevent the states from violating the constitution (and certain federal statutes) and to compensate injured plaintiffs for deprivations of those federal rights. *Baker v. McCollan,* 443 U.S. 137, 146, 99 S.Ct. 2689, 2695–96, 61 L.Ed.2d 433 (1979). It was not intended to supplant state tort law by providing a remedy for every wrong. As the Court stated in *Daniels v. Williams:*

> Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society. We have previously rejected reasoning that 'would make of the Fourteenth Amend-

ment a font of tort law to be superimposed upon whatever systems may already be administered by the States.'

474 U.S. 327, 332, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986) (quoting *Paul v. Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976)).

A state tort does not become a constitutional violation simply because it is committed by a government actor. *See generally, Collins v. City of Harker Heights, Texas,* — U.S. ——, ——, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992) (city's failure to warn city employee about workplace dangers); *Daniels v. Williams,* 474 U.S. at 335–36, 106 S.Ct. at 667 (prisoner injured when pillow negligently left on stairway); *Paul v. Davis,* 424 U.S. 693, 700–01, 96 S.Ct. 1155, 1160–61, 47 L.Ed.2d 405 (1976), *reh'g. denied* 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (simple defamation by police); *Baker v. McCollan,* 443 U.S. at 146, 99 S.Ct. at 2695–96 (false imprisonment); *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *reh'g denied* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977) (medical malpractice in the treatment of prisoner).

The Estate alleges that the decedent had a "constitutionally guaranteed right to live." That's not what the 14th Amendment promises. Instead, the Constitution prohibits a state from depriving any person of life, liberty or property without due process of law.

The 14th Amendment generally does not confer any affirmative right to governmental aid. It serves "as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security." *DeShaney v. Winnebago County Dept. of Social Serv.,* 489 U.S. 189, 195–96, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989) (the 14th Amendment "confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty or property interests of which the government itself may not deprive the individual").

State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

■ Although providing services may impose various common law or contractual duties upon the government, it is not, standing alone, sufficient to impose a constitutional duty.[2] *DeShaney*, 489 U.S. 189, 195, 109 S.Ct. 998, 1002–3 (child who was not removed from abusive household had no § 1983 action against social workers for their failure to act); *Wideman v. Shallowford Comm. Hosp., Inc.*, 826 F.2d 1030, 1033 (11th Cir.1987) (no § 1983 action when ambulance drivers refused to take pregnant woman to a particular hospital); *Monahan v. Dorchester Counseling Ctr.*, 961 F.2d 987, 994 (1st Cir.1992) (voluntary mental patient injured when he left van in which he was being transported had no § 1983 action); *Handley v. City of Seagoville, Texas*, 798 F.Supp. 1267, 1272 (N.D.Tex.1992) (failure of ambulance service to provide service when requested states no § 1983 action).

■ There is no constitutional right to be rescued by the government, and inept rescue is not a cognizable theory for due process liability under § 1983. *Jackson v. City of Joliet*, 715 F.2d 1200 (7th Cir.1983), *cert. denied*, 465 U.S. 1049, 104 S.Ct. 1325, 79 L.Ed.2d 720 (1984). In *Jackson*, the occupants of a car were involved in a one-vehicle accident. Neither police nor firemen who arrived on the scene made any effort to assist the occupants. By the time ambulance personnel arrived, it was too late to save them. Plaintiffs alleged that the decedents could have been saved if police had rendered help sooner or, at least, had not directed traffic in a way that prevented other potential rescuers from reaching them. The district court denied defendants' 12(B)(6) motions. The Seventh Circuit reversed. In doing so, the court reviewed the general law concerning rescue.

[E]ven if the complaints state good claims under general tort principles, it does not follow that they state good claims under § 1983 just because the defendants are public officers. Section 1983 provides a remedy only for violations of federal law.

. . . .

. . . .

. . . . It is enough to note that, as currently understood, the concept of liberty in the Fourteenth Amendment does not include a right to basic services, whether competently provided or otherwise.

But the plaintiffs have another argument: The Fourteenth Amendment forbids a state to deprive anyone of his life without due process of law; to deprive a person of his life through negligence is the antithesis of due process; therefore the complaints state a cause of action under section 1983. This argument would succeed if the defendants had killed the plaintiffs' decedents in circumstances making the killing an intentional tort. . . . But the concern [of the Due Process clause] is with the use of state-created power to kill rather than the state's failing to prevent death. [The decedent's] car ran off the road and burst into flames for reasons unrelated to the actions of any state officer. The plaintiffs' claim is not that the defendants tried to

---

**2.** There are exceptions to this rule. Liability may attach where the government takes the person into custody and holds him there against his will. *DeShaney v. Winnebago County*, 489 U.S. at 199, 109 S.Ct. at 1005. The affirmative duty to protect arises not from the state's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf. *Id.* at 200, 109 S.Ct. at 1005–6. Where government actors place a helpless person in a situation of serious danger with reckless indifference to the safety of that person, § 1983 liability may attach. *See White v. Rochford*, 592 F.2d 381 (7th Cir.1979) (police abandoned children in automobile after arresting driver). *See also K.H. v. Morgan*, 914 F.2d 846 (7th Cir.1990) (placing child in custody of foster parent known to be abusive).

Another exception is where the state greatly increases the risk while constricting access to self-help. This exception was applied in *Ross v. United States*, 910 F.2d 1422 (7th Cir.1990), which the Estate argues is similar to the instant case. *Ross* holds that where a government policy affirmatively cuts off an on-going private rescue effort, liability under § 1983 may attach. The Estate claims that its § 1983 claim is based upon defendants' policy against self-help and rescue, and as such, the claim is analogous to *Ross*. However, there is nothing in the complaint to suggest that any county policy precluded any private efforts on Popplewell's behalf. In fact, the complaint alleges that Popplewell, or someone on his behalf, requested the ambulance service.

harm the occupants of the car but that they failed to help them.

715 F.2d at 1203–04 (citations omitted). And later:

> If the defendants deprived the plaintiffs' decedents of anything it was of some right to competent rescue services. But as we have been at pains to stress, there is no such right in the Fourteenth Amendment.... What happened in this case is not the kind of thing that the framers were not concerned about because they could not foresee but the kind of thing they knew about and surely did not think required a federal tort remedy to prevent.

715 F.2d at 1205 (citations omitted). *See also Jackson v. Byrne*, 738 F.2d 1443 (7th Cir.1984) (no positive entitlement for children to be rescued from fire).

■ Against this legal backdrop, we consider Defendants' motions. Where, as here, no evidence outside the pleadings has been presented, Trial Rule 12(B)(6) motions to dismiss a complaint for failure to state a claim are granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted." *Martin v. Shea* (1984), Ind., 463 N.E.2d 1092, 1093. Similarly, where a Trial Rule 12(C) motion for judgment on the pleadings raises the same defense as a Trial Rule 12(B)(6) motion without resort to matters outside the pleadings, judgment on the pleadings is appropriate only under the same conditions. *See Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 405. That is, the motion for judgment on the pleadings should be granted "only where it is clear from the face of the complaint that under no circumstances could relief be granted. *Martin*, 463 N.E.2d at 1093. In applying this test, we take as true all well-pled material facts alleged in the complaint. *Anderson*, 399 N.E.2d at 406.

■ Here, the Estate claims that citizens enjoy a right to protection of life under the 14th Amendment. As the foregoing cases show, however, such is not the case. The 14th Amendment does not require government to provide rescue services. Rather, citizens enjoy the right not to be deprived of life without due process of law. The county was not obligated by the 14th Amendment to provide ambulance service or medical care.

The Estate also claims that there was a policy which limited the use of life saving devices on board the ambulance to a select group of individuals.[3] If the county was not obliged to buy the equipment for citizens, the county could not have been obliged to use it.

The County was not obligated to provide ambulance service. Therefore, defendants are not liable under the 14th Amendment for having failed to provide particular service or equipment for Popplewell. Defendants did not place Popplewell in a situation of serious danger. Defendants did not place Popplewell in custody against his will. In short, there has been no cognizable constitutional violation alleged in the complaint, and it is clear from the fact of the complaint that under no circumstances could relief be granted.

### Application of Indiana's Survival Statute

Because of our disposition of plaintiff's § 1983 claim, we do not reach the issue of the application of Indiana's survival statute to § 1983 claims and specifically vacate the opinion of the Court of Appeals on that issue.

### Wrongful Death Claim

Defendants argue that the Estate's complaint states no claim for wrongful death because (1) the complaint does not allege any "special duty" owed by the governmental defendants to the decedent; (2) the Court of Appeals erroneously read into the complaint an allegation of a special duty; and (3) the Court of Appeals erroneously concluded that the existence of a special duty was a mixed question of law and fact.

The Court of Appeals correctly decided these issues. Accordingly, we expressly adopt and incorporate by reference its hold-

---

**3.** This allegation suggests an equal protection claim. However, there is a total lack of any information in the complaint to support such a theory. Government is constitutionally permitted to make choices among possible services. Absent some allegation that a county policy was based upon an impermissible classification, such as race, we perceive no constitutional violation.

ing thereupon pursuant to Indiana Appellate Rule 11(B)(3).

### Conclusion

Accordingly, we now (1) grant transfer, (2) adopt and incorporate that portion of the opinion of the Court of Appeals relating to the Estate's wrongful death/negligence claim, (3) affirm the trial court's denial of Defendants' motions directed to the Estate's wrongful death/negligence claim, and (4) vacate the opinion of the Court of Appeals in respect of, and reverse the trial court's denial of Defendants' motions directed to, the § 1983 claim.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.