**Linda Howard BLEDSOE, Appellant-Plaintiff,**

v.

**Keith FLEMING, Appellee-Defendant.**

**No. 49A05-9807-CV-357.**

Court of Appeals of Indiana.

June 21, 1999.

Rehearing Denied Aug. 19, 1999.

---

1068

Elaine Parran Boyd, Nathaniel Lee & Associates, Indianapolis, Indiana, Attorney for Appellant.

James R. Corley, Jr., Indianapolis, Indiana, Attorney for Appellee.

## OPINION

RILEY, Judge

### STATEMENT OF THE CASE

Plaintiff–Appellant Linda Howard Bledsoe ("Bledsoe") appeals an adverse decision on a motion for judgment on the pleadings in her sexual harassment suit against Keith Fleming ("Fleming").

We reverse and remand.

### ISSUES

We review three issues:

1. Whether the exhaustion of administrative remedies is required before a plaintiff can bring a § 1983 action in a state court.

2. Whether Bledsoe's complaint adequately alleges a § 1983 violation by a "person" as that term is defined under the statute.

3. Whether Bledsoe's action against Fleming was barred by res judicata.

### FACTS AND PROCEDURAL HISTORY

Bledsoe was an employee of the State of Indiana as a Correctional Officer at the Indiana Boys' School. Fleming, also an employee of the State at the Indiana Boys' School, supervised Bledsoe. In January 1997, Bledsoe filed a complaint against Fleming, the Indiana Department of Correction (DOC), and the State of Indiana, alleging that during the course of her employment, Fleming repeatedly sexually harassed Bledsoe, in violation of 42 U.S.C. § 1983. The trial court dismissed Bledsoe's claims against the DOC and the State. Bledsoe then filed an amended complaint against Fleming, again alleging that Fleming had sexually harassed her in violation of § 1983. In response, Fleming filed a Motion for Judgment on the Pleadings, asserting that Bledsoe's action was time-barred because she did not file it within 90 days of receiving her notice of right to sue from the EEOC; that Bledsoe did not state a claim for relief because Fleming was not a "person" within the meaning of § 1983 and therefore was not amenable to suit under the statute; and that Bledsoe's claim was barred by res judicata based on the prior dismissal of similar claims by Bledsoe against the State and the DOC. The trial court granted Fleming's motion on the basis that Bledsoe's complaint was time-barred, and Bledsoe now appeals that ruling.

### DISCUSSION AND DECISION

#### Standard of Review

A judgment on the pleadings pursuant to Ind. Trial Rule 12(C) is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly entitle the moving party to judgment. *Wildman v. National Fire and Marine Ins. Co.*, 703 N.E.2d 683, 685 (Ind.Ct. App.1998). A motion for judgment on the

pleadings should be granted only when it is clear from the pleadings that the non-moving party cannot in any way succeed under the facts and allegations therein. *Id.* In reviewing the grant of a Rule 12(C) motion, we accept as true the well-pleaded material facts alleged in the pleadings, and our review is confined to information included in the pleadings. *Id.*

██ Where, as in the present case, a motion for judgment on the pleadings raises a defense of failure to state a claim upon which relief can be granted, the motion for purposes of that defense should be treated in the same manner as an Ind. Trial Rule 12(B)(6) motion to dismiss for failure to state a claim. *Anderson v. Anderson,* 399 N.E.2d 391, 405 (Ind.Ct.App.1979). Where no evidence outside the pleadings has been presented, Rule 12(B)(6) motions to dismiss a complaint for failure to state a claim are granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *Culver–Union Tp. Ambulance Service v. Steindler,* 629 N.E.2d 1231, 1235 (Ind.1994). Similarly, where a Rule 12(C) motion for judgment on the pleadings raises the defense of failure to state a claim, without resort to matters outside the pleadings, judgment on the pleadings is appropriate only under the same conditions. That is, the motion for judgment on the pleadings should be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.* In applying this test, we take as true all well-pled material facts alleged in the complaint. *Id.* If, on either a Rule 12(B)(6) motion to dismiss or a Rule 12(C) motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Ind. Trial Rule 56. Ind. Trial Rule 12(b)(6); Ind. Trial Rule 12(C). On the record before us, the trial judge expressly indicated that she was basing her decision solely on the pleadings, thus properly treating Fleming's motion as a Rule 12(C) motion for judgment on the pleadings.

## I. Exhaustion of Administrative Remedies

██ After reviewing the pleadings, the trial court held that Bledsoe's § 1983 claim was time-barred because Bledsoe failed to file it within 90 days of receiving her notice of right to sue from the EEOC. As Bledsoe correctly points out, however, the exhaustion of administrative remedies is not a prerequisite to bringing a § 1983 action in an Indiana state court. *Myers v. Moyars,* 667 N.E.2d 1120, 1124 (Ind.Ct.App.1996). Any failure by Bledsoe to pursue EEOC remedies is therefore irrelevant to the question of whether her § 1983 action against Fleming can be maintained, and the trial court erred in ruling otherwise.

## II. "Person" under § 1983

██ Nonetheless, Fleming argues that the pleadings support the trial court's decision to grant his motion for judgment on the pleadings. Section 1983 of Title 42 provides a civil remedy against any person who, under color of state law, subjects a citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the federal Constitution or federal laws. 42 U.S.C. § 1983. The statute does not provide a remedy against states, state entities or state officials sued in their official capacities because these parties are not considered "persons". *Lake County Juvenile Court v. Swanson,* 671 N.E.2d 429, 433 (Ind.Ct.App. 1996). A government official sued in his personal capacity, however, fits within the § 1983 statutory term "person." *Id.* at 434. A claimant may impose personal liability on a government official under § 1983 by demonstrating that the official, acting under color of state law, caused the deprivation of a federal right. *Crawford v. City of Muncie,* 655 N.E.2d 614, 620 (Ind.Ct.App.1995).

██ In the present case, Fleming argues that Bledsoe's § 1983 claim was brought against him only in his official capacity as an employee of the state, and therefore the complaint does not state a claim for relief. In determining whether Fleming was sued in his official capacity or in his personal capacity, we look to the language of Bledsoe's complaint. *Id.* If a plaintiff seeks to sue a public official in his personal capacity or in both his personal and official capacities, the plaintiff should expressly state so in the complaint. *Id.* Reviewing Bledsoe's complaint,

we find that paragraph 19 states that "Fleming, by virtue of his status as an employee of the State of Indiana, was a "person" acting under color of state law in his dealings with Plaintiff." We hold that this language adequately alleges a claim against Fleming in his personal capacity. Furthermore, paragraph 21 alleges that Fleming's actions deprived Bledsoe of her Fourth and Fourteenth Amendment rights. As stated above, although § 1983 does not provide a remedy against state officials sued in their official capacities, a claimant may impose personal liability on a government official under § 1983 by demonstrating that the official, acting under color of state law, caused the deprivation of a federal right. We find that Bledsoe's complaint adequately alleges a claim for relief under § 1983 against Fleming in his personal capacity.

### III. Res Judicata

Finally, Fleming argues that Bledsoe's claim against him is barred by res judicata. The law of res judicata is well-established in Indiana. It operates to preclude litigation regarding matters which have already been litigated. A judgment on the merits is an absolute bar to a subsequent action between the same parties on the same claim. *City of New Haven, Indiana v. Chemical Waste Management of Indiana*, 701 N.E.2d 912, 923–24 (Ind.Ct.App.1998), citations omitted.

In the case before us, Fleming argues that the trial court already decided the merits of Bledsoe's case when it dismissed the claims against the DOC and the State, and therefore Bledsoe's case against him is barred. Inasmuch as Bledsoe's complaint alleges claims against Fleming in his official capacity, we agree. As discussed above, however, Bledsoe's complaint also alleges claims against Fleming in his personal capacity. Also as discussed above, the law applies differently to individuals acting in their personal capacity than to state entities acting in their official capacity. We find, therefore, that Bledsoe's claims brought against Fleming in his personal capacity must be reviewed independently of those brought against the DOC and the State and are thus not barred by res judicata.

### CONCLUSION

Bledsoe's complaint is sufficient to withstand Fleming's motion for judgment on the pleadings, and the trial court erred in determining otherwise.

Reversed and remanded for further proceedings consistent with this opinion.

SULLIVAN, J., and MATTINGLY, J., concur.