Mellissa KING, by her next friend, Patricia JACOB, Appellants–Petitioners,

v.

SECRETARY, Indiana Family and Social Services Administration, an Official of the State of Indiana, and Indiana Family and Social Services Administration, an agency of the State of Indiana, and Noble County Office of Family and Children, an agency of the State of Indiana, and Health Care Excel, Appellees–Respondents.

No. 57A04–0201–CV–47.

Court of Appeals of Indiana.

Sept. 16, 2002.

Kent Hull, Indiana Legal Services, Inc., South Bend, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATTINGLY–MAY, Judge.

Mellissa King, by her next friend Patricia Jacob, appeals the trial court's dismissal of her complaint for injunction and petition for review of agency action. King raises a number of constitutional issues, which we consolidate and restate as a single issue: did the trial court properly dismiss her complaint for injunction and petition for review of agency action, which alleged violation of certain federal rights, because she had not met state administrative agency filing deadlines?

We reverse the trial court's dismissal of her complaint and remand.[1]

## FACTS AND PROCEDURAL HISTORY

King has severe mental and physical disabilities as a result of a childhood illness.[2] Because of these disabilities, King qualified as a Medicaid recipient. Medicaid is jointly funded by the federal and state governments and, in Indiana, is administered by the Family and Social Services Administration (FSSA) and its Division of Family and Children. The federal Medicaid act and various implementing regulations[3] permit states to provide nursing and home health care services to individuals for whom such care is less expensive than institutionalization. In Indiana, FSSA has contracted with Health Care Excel to perform certain administrative functions connected with the Medicaid home health care program.

In 1998, King was receiving eight hours of home health care service each day. She made a request for an increase to ten hours of home health care per day. On September 17, 1999, Health Care Excel issued a notice that King would be entitled to only six hours of home health aid services each day.

On November 23, 1999, Jacob's attorney sent a letter to the FSSA Office of Hearings and Appeals, requesting a delayed appeal of this matter.[4] On November 27, 1999, King's mother and guardian, Patricia Jacob, filed a letter requesting agency review of this decision. Jacob's letter indicated she was delayed in filing an appeal because the burdens of caring for her daughter had distracted her.

On March 31, 2000, the agency's administrative law judge dismissed King's appeal on the ground that it had not been timely filed. After an internal agency appeal of the administrative law judge's decision, the agency issued an affirmance of the Order of Dismissal on July 17, 2000, that stated:

> A person who is not satisfied with this final Agency action may seek judicial review in accordance with Indiana Code 4–21.5–5–5. Judicial review is initiated by filing a petition for review in a court

---

1. On April 29, 2002, King petitioned for oral argument. We deny the petition.

2. On January 16, 1996, her physician described her as a "bedridden mentally handicapped female with cerebral palsy secondary to encephalitis." (App. at 7.) On January 30, 1998, the physician stated that King "requires complete care, including hospital bed, hoyer lift and a wheelchair, which is specially fitted to her, as well as continuous supervision day and night." He further stated that King was "incapable of taking care of any of her usual bodily functions, aside from eating and breathing." (*Id.*)

3. *See* 42 U.S.C. § 1396n(c)(9)(A); 42 C.F.R. § 440.70(b) and § 441.15.

4. Usually, administrative appeals must be filed within 30 days of a decision. *See* 405 IAC 1.1–1–3(b).

within thirty-three (33) days of the mailing date of this notice.

(App. at 22.)

King filed in Noble Superior Court a verified complaint for injunction and declaratory judgment and a verified petition for review of agency action on August 17, 2000. She named as defendants the FSSA and its secretary, the Noble County office of the FSSA, and Health Care Excel. Her complaint included claims based on due process provisions of the Fourteenth Amendment to the Constitution of the United States, 42 U.S.C. § 1983, and the Americans with Disabilities Act.[5] On October 12, 2000, the defendants filed a motion to dismiss, arguing that the trial court lacked subject matter jurisdiction because the administrative appeal from the original September 17, 1999 decision had not been requested within thirty days of the action. On December 3, 2001, the trial court granted the defendants' motion to dismiss and entered an order of dismissal.[6]

## DISCUSSION AND DECISION

When reviewing the granting of a motion to dismiss, all facts in the plaintiff's complaint must be taken as true, and every reasonable inference and intendment must be drawn in her favor from the alleged facts. *Stevens v. Dept. of Public Welfare*, 566 N.E.2d 544, 546 (Ind.Ct.App. 1991), *reh'g denied, trans. denied*. The trial court's judgment can be sustained on any theory or basis found in the record. *Id.*

Under Indiana's Administrative Orders and Procedures Act (AOPA), "[a] person may file a petition for judicial review . . . only after exhausting all administrative remedies available within the agency whose action is being challenged and within any other agency authorized to exercise administrative review." Ind.Code § 4-21.5-5-4(a). Medicaid applicants, in order to initiate review of an action taken by FSSA, are required to file with the agency written appeal requests. An appeal request "shall be filed in writing . . . not later than thirty (30) days following the effective date of the action being appealed." 405 IAC 1.1-1-3-(b).

In this case, the parties agree that King did not timely file a request for appeal within 30 days of the agency action. However, King argues that her failure to exhaust administrative remedies does not preclude her from bringing an action in state court that is based on § 1983 and the Americans with Disabilities Act. We agree.

██ To succeed on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or the laws of the United States. *See Bailey v. Andrews*, 811 F.2d 366, 371 (7th Cir.1987). A court

---

5. 42 U.S.C. § 12101, *et seq.*

6. The trial court's order stated:
   Hearing Held on Defendant/Respondents Motion to Dismiss. Plaintiff/Petitioner appears by counsel Kent Hull. Defendants/Respondents Indiana Family and Social Services Adm., Noble County Office of Family and Children and Attorney General of Indiana appear by counsel, Laureane Nordstrom, Deputy Attorney General. Defendant Health Care Excel appears by counsel, Craig McKee, via speaker phone. Arguments and Statements had and concluded. Motion to Dismiss is granted. Order of Dismissal entered. RJO. Costs taxed against Plaintiff/Petitioner. Closed file.
   (App. at 4.)
   We note that the State's brief quotes a different order in different language that does not appear in the record at the given citation. From the language of the order included in the record, we cannot ascertain the particular basis on which the trial court granted the state's motion to dismiss.

should not lightly conclude that Congress intended to preclude reliance on § 1983 as a remedy for the deprivation of a federally secured right. *Golden State Transit Corp. v. City of Los Angeles,* 493 U.S. 103, 107, 110 S.Ct. 444, 107 L.Ed.2d 420 (1989). In *Felder v. Casey,* the United States Supreme Court held that a state's notice of claim statute was preempted by the supremacy clause when an action was brought in state court. 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988). *Felder* involved a plaintiff who filed suit against the city of Milwaukee and certain police officers who had allegedly beaten him. Felder sued under 42 U.S.C. § 1983, alleging that the beating and his arrest were racially motivated and violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution. The officers moved to dismiss Felder's suit because he had not complied with Wisconsin's notice of claim statute, which provided a claimant had to give a state or local government entity notice before filing a lawsuit against it.

In holding that notice of claim statutes are preempted with respect to federal civil rights actions brought in state courts, the United States Supreme Court reasoned:

> First, ... the application of the notice requirement burdens the exercise of the federal right by forcing civil rights victims who seek redress in state courts to comply with a requirement that is entirely absent from civil rights litigation in federal courts. This burden ... is inconsistent in both design and effect with the compensatory aims of the federal civil rights laws. Second ... the enforcement of such statutes in § 1983 actions brought in state courts will frequently and predictably produce different outcomes in federal civil rights litigation based solely on whether that litigation takes place in state or federal court. States may not apply such an outcome-determinative law

when entertaining substantive federal rights in their courts.

*Id.* at 141, 108 S.Ct. 2302.

Indiana's Supreme Court applied *Felder's* holding and reasoning in *Kellogg v. City of Gary,* when it noted that a tort claim notice requirement is problematic because the enforcement of such a statute stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. 562 N.E.2d 685, 689 (Ind.1990).

██ We have previously noted that requiring exhaustion of administrative remedies in the context of § 1983 claims presents problems similar to those presented by a notice of claim requirement. *Myers v. Moyars,* 667 N.E.2d 1120, 1123 (Ind.Ct.App.1996), *reh'g denied.* Federal substantive law controls, and any state laws or rules which inhibit the prosecution of a § 1983 action are preempted by the Supremacy Clause of the United States Constitution. *Slay v. Marion County Sheriff's Dept.,* 603 N.E.2d 877, 884 n. 3 (Ind.Ct.App.1992), *trans. denied.* As a result, it is not necessary for a plaintiff to exhaust state administrative and judicial requirements before pursuing a § 1983 claim. *Impink v. City of Indianapolis,* 612 N.E.2d 1125, 1129 (Ind.Ct.App.1993). Likewise, claims under Title II of the Americans with Disabilities Act do not require exhaustion of administrative remedies. *Noland v. Wheatley,* 835 F.Supp. 476, 483 (N.D.Ind.1993).

██ Using this reasoning, and taking all the facts alleged in King's complaint as true, we conclude that King was not required to exhaust all available administrative remedies before bringing a case in state court premised upon federal law. Her failure to file a timely appeal for review of the State's denial of Medicaid benefits does not preclude her from bring-

ing a cause in state courts seeking redress under § 1983 or the Americans with Disabilities Act.[7]

We reverse the trial court's dismissal of King's lawsuit and remand to the trial court for further proceedings consistent with this opinion.

RILEY, J., and VAIDIK, J., concur.

---

**7.** King also argues that the trial court should have exercised its jurisdiction under traditional exceptions to the exhaustion doctrine. Exhaustion of administrative remedies will be excused if there is no available remedy, or if an agency is incapable of addressing the issues presented. *See Rene v. Reed,* 726 N.E.2d 808, 819 (Ind.Ct.App.2000), *trans. denied.* Those factors are not present in King's case. The trial court should proceed on the claims presented in King's complaint that involve her federal rights. It may find, after further review, that certain of King's claims do not involve federal rights and should be dismissed. Because of the limited record provided in this case, we are not in a position to comment on the validity of the claims set forth in King's complaint.