# FOR PUBLICATION



FILED
Dec 01 2014, 9:12 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**WILLIAM N. RILEY**
**JOSEPH N. WILLIAMS**
Price Waicukauski & Riley, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
SOUTHEASTERN INDIANA HEALTH
ORGANIZATION, INC.:

**MARK D. GERTH**
**NICHOLAS W. LEVI**
Kightlinger & Gray, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| COLUMBUS SPECIALTY SURGERY CENTER, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03A01-1406-PL-264 |
| | ) | |
| SOUTHEASTERN INDIANA HEALTH ORGANIZATION, INC., | ) | |
| | ) | |
| Appellee-Defendant, | ) | |
| and | ) | |
| | ) | |
| COLUMBUS REGIONAL HEALTH d/b/a COLUMBUS REGIONAL HOSPITAL, | ) | |
| | ) | |
| Appellee-Defendant.[1] | ) | |

APPEAL FROM THE BARTHOLOMEW SUPERIOR COURT
The Honorable James D. Worton, Judge
Cause No. 03D01-1309-PL-4793

---

[1] We note that although Columbus Specialty Surgery Center does not raise any claim on appeal against Columbus Regional Health, a party below is a party on appeal.

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On September 3, 2013, Appellant-Plaintiff the Columbus Specialty Surgery Center, LLC ("CSSC") filed a complaint alleging that insurance provider the Southeastern Indiana Health Organization, Inc. ("SIHO") committed defamation per se by allegedly informing the Seymour Community School Corporation ("SCSC") that CSSC had "declined" to participate in SIHO's network. The trial court subsequently dismissed CSSC's defamation claim against SIHO without prejudice after determining that CSSC had failed to state a claim upon which relief can be granted. We affirm.

## FACTS AND PROCEDURAL HISTORY

The facts, as presented in CSSC's complaint for damages, are as follows: SIHO was founded in 1987 to provide comprehensive insurance services and health plan benefits to businesses. SIHO is privately-owned by Columbus Regional Hospital, Schneck Medical Center, Multi County Physicians, and Bloomington Hospital and Healthcare System. SIHO provides claims administration, pre-certification, case management, concurrent review, utilization review, member services, benefit consulting, national pharmacy networking, and a network of hospitals and physicians in one organization.

CSSC is an ambulatory surgery center providing a full array of surgical services to patients residing in the Columbus area. CSSC is physician-owned. Part of the physician ownership of CSSC is composed of local Columbus physicians.

SCSC uses SIHO as a third-party benefit administrator. On April 2, 2013, the employees received a notification from SCSC's insurance committee that provided as follows:

[CSSC] is an outpatient surgical facility located in Columbus. It is owned by several Columbus area physicians and has been open since August of last year. Up to this point [CSSC] has declined to participate in the SIHO Network.

When SCSC first moved to SIHO we knew that their network was not quite as large as the Anthem network and we augmented the SIHO network with "wrap" networks. We have been treating providers in these wrap networks as "in network providers" for benefit purposes. This had very little financial impact on the plan and had the effect of reducing the number of claims that were paid at the out of network benefit level, thereby saving [] you money, while providing a large number of network providers.

Unfortunately, utilizing this practice with [CSSC] has cost the SCSC plan in excess of $100,000 more than it would have otherwise spent just since last August.

Therefore effective April 15th 2013, [CSSC] will be considered an out of network provider for the Seymour Community Schools plan.

IMPORTANT – WHAT THIS MEANS TO YOU

·        For procedures on or after April 15th at [CSSC], the facility charges will be paid at the out of network level of benefits. This means the facility charges will be subject to the deductible and the balance paid at 60%.
·        The Plan will use the SIHO in-network amount as the allowable charge. This means that there could be a significant difference between the amount billed by the facility and the amount the plan considers eligible. You could be responsible to pay this entire amount.
·        The facility could write off all or a portion of this balance amount, but is under no obligation to do so.
·        If you choose to use this facility, be certain that you understand the amount you will be responsible to pay *before you agree to use this facility*.
·        This change only impacts the *facility charges*, not the physician fees (the doctors involved are members of the SIHO network).
·        As these are local doctors, you still have the use of Schneck and Columbus Regional Hospital as in-network facilities.

3

If you have any questions, please contact Brandie Hall at the Administration Building.

Appellant's App. p. 24 (emphases in original).

On September 3, 2013, CSSC filed a lawsuit against SIHO alleging that SIHO had defamed CSSC. Specifically, CSSC alleged that the statement that it had decided not to participate in the SIHO network was not true. In raising this allegation, CSSC claimed that it had engaged in numerous efforts to be brought into the SIHO network, but that SIHO had refused that entry. CSSC also alleged that SIHO communicated the information regarding its alleged unwillingness to participate in the SIHO network to SCSC. CSSC further alleged that the communication was calculated to harm CSSC's reputation in its trade, profession, and business and, as a result, CSSC's business reputation has been and continues to be damaged.

On October 24, 2013, SIHO filed a Trial Rule 12(C) motion for judgment on the pleadings. On this same date, SIHO also filed a brief in support of its motion for judgment on the pleadings. CSSC filed its response in opposition to SIHO's motion for judgment on the pleadings on November 25, 2013. The trial court conducted a hearing on SIHO's motion on February 21, 2014. Four days later, on February 25, 2014, the trial court granted SIHO's motion and dismissed CSSC's defamation claim without prejudice.

On March 19, 2014, CSSC filed a motion to correct error. SIHO subsequently filed a response in opposition to CSSC's motion to correct error. The trial court scheduled a hearing on CSSC's motion for May 12, 2014. On May 15, 2014, the trial court denied CSSC's

4

motion to correct error.  This appeal follows.

## DISCUSSION AND DECISION

### I.  Standard of Review

CSSC contends that the trial court erred in dismissing its defamation claim against

SIHO.

> A judgment on the pleadings pursuant to Ind. Trial Rule 12(C) is proper only when there are no genuine issues of material fact and when the facts shown by the pleadings clearly entitle the moving party to judgment. *Wildman v. National Fire and Marine Ins. Co.*, 703 N.E.2d 683, 685 (Ind. Ct. App. 1998).  A motion for judgment on the pleadings should be granted only when it is clear from the pleadings that the non-moving party cannot in any way succeed under the facts and allegations therein. *Id.*  In reviewing the grant of a Rule 12(C) motion, we accept as true the well-pleaded material facts alleged in the pleadings, and our review is confined to information included in the pleadings. *Id.*
>
> Where … a motion for judgment on the pleadings raises a defense of failure to state a claim upon which relief can be granted, the motion for purposes of that defense should be treated in the same manner as an Ind. Trial Rule 12(B)(6) motion to dismiss for failure to state a claim. *Anderson v. Anderson*, 399 N.E.2d 391, 405 (Ind. Ct. App. 1979).  Where no evidence outside the pleadings has been presented, Rule 12(B)(6) motions to dismiss a complaint for failure to state a claim are granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *Culver-Union Tp. Ambulance Service v. Steindler*, 629 N.E.2d 1231, 1235 (Ind. 1994).  Similarly, where a Rule 12(C) motion for judgment on the pleadings raises the defense of failure to state a claim, without resort to matters outside the pleadings, judgment on the pleadings is appropriate only under the same conditions.  That is, the motion for judgment on the pleadings should be granted only where it is clear from the face of the complaint that under no circumstances could relief be granted. *Id.*  In applying this test, we take as true all well-pled material facts alleged in the complaint. *Id.*  If, on either a Rule 12(B)(6) motion to dismiss or a Rule 12(C) motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Ind. Trial Rule 56.  Ind. Trial Rule 12(b)(6); Ind. Trial Rule 12(C).

*Bledsoe v. Fleming*, 712 N.E.2d 1067, 1069-70 (Ind. Ct. App. 1999).  On the record before

us, it does not appear that the trial court considered any evidence outside the pleadings in reaching its decision. Rather, in dismissing CSSC's defamation claim without prejudice, the trial court treated SIHO's motion as a Trial Rule 12(B)(6) motion for failure to state a claim upon which relief can be granted. As such, we will review the judgment of the trial court as an order granting a Trial Rule 12(B)(6) motion to dismiss.

## II. Whether the Trial Court Erred In Dismissing CSSC's Defamation Claim Against SIHO

The law of defamation was created to protect individuals from reputational attacks. *Journal-Gazette Co., Inc. v. Bandido's, Inc.*, 712 N.E.2d 446, 451 (Ind. 1999). A defamatory communication is defined as one that "'tends so to harm the reputation of another as to lower him in estimation of the community or to deter a third person from associating or dealing with him.'" *Doe v. Methodist Hosp.*, 690 N.E.2d 681, 686 (Ind. 1997) (quoting Restatement (Second) of Torts § 559 (1977)). To prevail on a cause of action for defamation, a plaintiff must prove four elements: (1) a communication with defamatory imputation, (2) malice, (3) publication, and (4) damages. *Hamilton v. Prewett*, 860 N.E.2d 1234, 1243 (Ind. Ct. App. 2007), *trans. denied*.

While interpreting Indiana's notice pleading provision in the context of a defamation claim, our Supreme Court has held that

> even under notice pleading, a plaintiff must still set out the operative facts of the claim. Indeed, hornbook law stresses the necessity of including the alleged defamatory statement in the complaint. *See, e.g.*, 53 C.J.S. §§ 128-163; 9 Indiana Practice §§ 28.3-28.14. There is sound reason for this policy, as the absence of a statement in the complaint works a detriment on both the court and the defendant. The court is handicapped without the statement since, without it, the court cannot actually determine if the statement is legally defamatory. [*Bandido's*, 712 N.E.2d at 457]. The defendant is placed on an unfair footing since the absence of the statement denies her the opportunity to prepare appropriate defenses.... Permitting defamation actions to proceed without the inclusion of the alleged statement would sanction claims brought by individuals who allege nothing more than that someone must have said something defamatory about them....

*Trail v. Boys and Girls Clubs of Nw. Ind.*, 845 N.E.2d 130, 136-38 (Ind. 2006).

6

*Newman v. Jewish Cmty. Ctr. Assn. of Indpls.*, 875 N.E.2d 729, 734-35 (Ind. Ct. App. 2007) (footnote omitted). In *Newman*, we further concluded that "[c]ontained within the Supreme Court's holding [in *Trail*] that a plaintiff must identify the alleged defamatory statements in his complaint is the implication that the plaintiff must also identify the speaker of those statements." *Id*. at 735-36.

CSSC alleges that SIHO communicated the information regarding CSSC's alleged unwillingness to participate in the SIHO Network to SCSC. Unlike the defendant in *Newman*, we observe in the instant matter that CSSC levied its claim against SIHO itself and not against unnamed representatives or employees of SIHO. As such, we conclude that because CSSC specifically alleged that SIHO made the alleged defamatory remarks, CSSC adequately pled the identity of the speaker of those statements. However, we do not believe that CSSC adequately pled a defamatory per se statement that was sufficient to set forth a claim under which CSSC would be entitled to the requested relief.

CSSC alleged that SIHO's alleged act of providing the above-mentioned information to SCSC amounted to defamation per se. "A communication is defamatory per se if it imputes: (1) criminal conduct; (2) a loathsome disease; (3) misconduct in a person's trade, profession, office, or occupation; or (4) sexual misconduct." *Newman*, 875 N.E.2d at 739. In alleging that SIHO committed defamation per se, CSSC claimed that the communication at issue "is of a kind that tends to damage a reputation in the community and/or discourage others from dealing or associating with CSSC" and was "calculated to harm [CSSC's] reputation in its trade, profession and business." Appellant's App. p. 21. The statement at

7

issue here falls short of the type of statement covered by a claim of defamation per se because the statement does not impute any misconduct in CSSC's business or trade. Notably, a health care provider may have a rational business reason for declining participation in an insurance provider's network, and an unwillingness to participate does not, without more, indicate any misconduct by the health care provider. Thus, even if the statement that CSSC decided not to participate in SIHO's network was false, it is not defamatory per se. As such, we conclude that CSSC has failed to state a claim upon which relief can be granted. We accordingly affirm the trial court's order dismissing CSSC's claim against SIHO without prejudice.

The judgment of the trial court is affirmed.

BARNES, J., and BROWN, J., concur.