## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

ATTORNEYS FOR APPELLANT

Robert M. Oakley
Daniel K. Dilley
Dilley & Oakley, P.C.
Carmel, Indiana



ATTORNEYS FOR APPELLEES MARION COUNTY INDIANA, CITY OF INDIANAPOLIS, MATTHEW PIETRZAK, STEPHANIE BUTTZ, ERIC LEE, DIANNA JOHNSON

Amanda J. Dinges
Chief of Litigation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES STATE OF INDIANA AND THE INDIANA DEPARTMENT OF CORRECTION

Gregory F. Zoeller
Attorney General of Indiana

Kristin Garn
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randy L. Thornton,

*Appellant,*

v.

State of Indiana, Indiana Department of Corrections, Marion County, Indiana,

August 14, 2015

Court of Appeals Case No.
49A02-1409-PL-662

Appeal from the Marion Superior Court

Cause No. 49D11-1402-PL-003833

| Matthew Pietrzak, Stephanie Buttz, Eric Lee, Dianna Johnson, | The Honorable John F. Hanley, Judge |
| *Appellees* | |

**Friedlander, Judge.**

[1] Randy L. Thornton appeals the dismissal of his complaint alleging state tort claims as well as claims under 42 U.S.C. § 1983 against Marion County, the City of Indianapolis, Matthew Pietrazak, Stephanie Buttz, Eric Lee, and Dianna Johnson.[1] Thornton presents the following restated issue for review: Did the trial court err in dismissing his claims?

[2] We affirm.

[3] The following are the facts as alleged in the complaint and its accompanying documents. On or about August 3, 2006, in Cause No. 49G20-0605-FC-081612 (Cause 81612), Thornton pleaded guilty to possession of cocaine and was sentenced to six years of which two years were to be executed through community corrections and four years were suspended. Thornton was ordered to serve two years of probation following the executed portion of his sentence.

[4] Thornton began serving his period of probation on August 6, 2007, with a scheduled end date of August 6, 2009. In an unrelated cause, Thornton was

---

[1] These individuals were all employees of the Marion County Probation Department at the times relevant herein.

sentenced to an executed term of three years on February 7, 2008. As a result, the Marion County Probation Department filed a memorandum with the court noting the subsequent conviction and sentence and indicating that Thornton's probation in Cause 81612 would resume after the executed portion of the new sentence was completed. The trial court took no action on the memorandum and, specifically, did not enter an order tolling probation.

[5] On August 20, 2010, the Marion County Probation Department filed a notice of probation violation in Cause 81612 following the filing of new criminal charges. At the probation violation hearing on February 10, 2011, Thornton argued that his probation in Cause 81612 ended on August 6, 2009, well before the alleged violation. The court, however, found that Thornton had violated probation and ordered him to serve four years executed in the Department of Correction (the DOC).

[6] While incarcerated, Thornton made numerous attempts to correct what he believed to be an erroneous revocation and sentence. On May 10, 2012, a hearing was held on Thornton's motion to reconsider. The court set aside the revocation finding it "unclear whether the defendant's probation was tolled during the serving of an unrelated executed sentence." *Appellant's Appendix* at 15. The court noted further that it could find no case law on the matter and, accordingly, it would construe the law against the State and in Thornton's favor. Thornton was ordered released from incarceration on May 10, 2012.

[7] Thornton filed a notice of tort claim with the Indiana Attorney General on December 14, 2012. Thereafter, on January 30, 2014, he filed the instant civil action against Marion County, the City of Indianapolis, Pietrazak, Buttz, Lee, and Johnson, as well as the State and the DOC. The complaint was based on Thornton's alleged wrongful incarceration lasting approximately fifteen months. It included tort claims for wrongful arrest/detention/imprisonment, malicious prosecution, and intentional infliction of emotional distress, as well as a § 1983 claim for unconstitutional deprivation of liberty and due process.[2]

[8] On April 3, 2014, the State and the DOC (referred to collectively as the State Defendants) filed a motion to dismiss. Following Thornton's response, the trial court dismissed the claims against the State Defendants with prejudice on June 17, 2014. Thornton has not provided us with any of the filings or the order related to the State Defendants' motion to dismiss and does not challenge this ruling on appeal. Accordingly, we will not address the propriety of their dismissal.

[9] After the claims against the State Defendants were dismissed, the Marion County, the City of Indianapolis, Matthew Pietrazak, Stephanie Buttz, Eric

---

[2] § 1983 provides a civil remedy against any person who, under color of state law, subjects a citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the federal constitution or federal laws. *See King ex rel. Jacob v. Secretary*, 774 N.E.2d 1008 (Ind. Ct. App. 2002). "In order to recover damages under § 1983, a plaintiff must show that (1) he held a constitutionally-protected right; (2) he was deprived of this right; (3) *the defendants acted with reckless indifference to cause this deprivation*; and (4) the defendants acted under color of state law." *Culver-Union Twp. Ambulance Serv. v. Steindler*, 629 N.E.2d 1231, 1232-33 (Ind. 1994) (emphasis supplied). *See also Rowe v. Lemmon*, 976 N.E.2d 129, 134 (Ind. Ct. App. 2012) (to establish a government employee's liability under § 1983, a plaintiff must prove, among other things, that "the defendant intentionally caused the deprivation"), *trans. denied*.

Lee, and Dianna Johnson (collectively referred to as the Local Defendants) filed a motion to dismiss, along with a supporting memorandum. The Local Defendants' asserted grounds were failure to file a timely notice of tort claim, failure to file the complaint within the two-year statute of limitations, and immunity from liability for malicious prosecution. Thornton filed a timely response, asserting that his claims did not accrue until his probation revocation was vacated. The trial court summarily granted the Local Defendants' motion to dismiss on August 21, 2014. Thornton appeals this ruling.

[10] A motion to dismiss under T.R. 12(B)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *McPeek v. McCardle*, 888 N.E.2d 171 (Ind. 2008). We review a trial court's dismissal pursuant this rule de novo. *Id.*

> Viewing the complaint in the light most favorable to the non-moving party, we must determine whether the complaint states any facts on which the trial court could have granted relief. If a complaint states a set of facts that, even if true, would not support the relief requested, we will affirm the dismissal. And we may affirm the grant of a motion to dismiss if it is sustainable on any theory.

[11] *Id.* at 173-74 (citations omitted). Further, a claimant's failure to provide the notices required by the Indiana Tort Claims Act entitles the State or political subdivision[3] to a dismissal. *See Ind. Dep't of Correction v. Hulen*, 582 N.E.2d 380 (Ind. 1991).

---

[3] Ind. Code Ann. § 34-6-2-110 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation) defines "political subdivision" to include a county and city.

[12] We observe initially that Thornton does not directly challenge the dismissal of Marion County and the City of Indianapolis. Indeed, he appears to concede that these parties are not subject to his § 1983 claim and admits (as he did below) that he did not file a notice of tort claim with respect to these parties as required by Ind. Code Ann. § 34-13-3-8 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation). Accordingly, we restrict our review to the propriety of the trial court's dismissal of the individually named probation officers, Matthew Pietrazak, Stephanie Buttz, Eric Lee, and Dianna Johnson.

[13] The parties focus much of their argument on whether Thornton's claims accrued on February 10, 2011—the date he was imprisoned for the probation violation—or May 10, 2012—the date the probation revocation was vacated and he was released from prison. The accrual date is significant insofar as it relates to the possibility that the statute of limitations defeats Thornton's claims. In fact, the parties devote considerable attention to this subject. We need not address the statute-of-limitations argument, however, because Thornton has wholly failed to state a claim against these individuals even assuming his claims were timely filed.

[14] Thornton alleges no tortious conduct, malicious motive, or illegal acts by these defendants, who each acted within the scope of their employment as probation officers.[4] The complaint alleges only that Lee presented the court with a

---

[4] I.C. § 34-13-3-3 (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation) provides: "an employee acting within the scope of the employee's employment is not liable if a

mundane memorandum related to Thornton's probation, Johnson signed this memorandum in her supervisory capacity, Pietrazak filed a notice of probation violation, and Buttz reviewed and signed the notice. Following a probation hearing, at which Thornton presented his argument that he was no longer on probation, the court revoked Thornton's probation and sent him to prison.

[15] The fact that Thornton's probation revocation was later vacated does not lead to the conclusion that the named probation officers committed a tort or intentionally or recklessly deprived him of his constitutional rights. As a matter of law, the complaint does not allege any facts with respect to the named probation officers upon which the trial court could have granted relief.

[16] Judgment affirmed.

Kirsch, J., and Crone, J., concur.

---

loss results from…[t]he initiation of a judicial…proceeding." Further, I.C. § 34-13-3-5(c) (West, Westlaw current with all 2015 First Regular Session of the 119th General Assembly legislation) provides with respect to suits against governmental employees:

> A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
>> (1) criminal;
>> (2) clearly outside the scope of the employee's employment;
>> (3) malicious;
>> (4) willful and wanton; or
>> (5) calculated to benefit the employee personally.
> The complaint must contain a reasonable factual basis supporting the allegations.

Thornton's complaint makes no allegations of this type of conduct against the probation officers.